FILED
CLERK
10/21/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

MELVIN ANTONIO ROSA LOPEZ,
individually and on behalf of all others
similarly situated,

*Plaintiff*,

-against-

ISLANDWIDE SEAMLESS GUTTER & LEADER
SYSTEMS, INC., and
JEFFREY SILVERMAN, as an individual,

*Defendants*.

-----------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

25-cv-06982 (JMW)

**A P P E A R A N C E S:**

James Patrick Peter O'Donnell
Katelyn Marie Schillaci
Roman M. Avshalumov
**Helen F. Dalton & Associates, P.C.**
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
*Attorneys for Plaintiff*

Jamie Scott Felsen
Matthew A Brown
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3w8
Lake Success, NY 11042
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Plaintiff, a former employee of Defendants,[1] commenced the instant action for, *inter alia*, failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and the New

[1] Defendants are Islandwide Seamless Gutter & Leader Systems, Inc. and Jeffrey Silverman (collectively, "Defendants").

York Labor Law ("NYLL"). (*See generally* ECF No. 1.) On April 22, 2026, pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), the Court approved the parties' Settlement Agreement, which included a provision that the Court retain jurisdiction to enforce the agreement. (*See* ECF No. 21 (the "Approval Order").)

The Settlement Agreement required Defendants to pay the global amount of $25,000.00, with Plaintiff recovering $15,800.14 and the remaining $9,199.86 payable for attorney's fees. (*See* ECF Nos. 19 at 5; 19-1 at 2.). In consideration of the payments to be provided by Defendants, Plaintiff agreed to release any related FLSA and NYLL claims derived from this action. (*See* ECF No. 19-1 at ¶¶ 2, 6.) The Settlement Agreement became effective on April 22, 2026. (*See* ECF No. 21.) Under the Agreement, payment was to be made "no later than 30 days from the date of Court approval of this Agreement" (ECF No. 19-1 at ¶ 3), which was May 22, 2026.

Paragraph 4 of the Settlement Agreement, titled "Notice to Cure," states as follows:

> In the event Defendants are in default of any of the payments in Paragraph 3 of this Agreement, Plaintiff shall provide ten (10) calendar days written notice to Defendants . . . of the default. If Defendants do not cure the defect within ten (10) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

(*Id.* at ¶ 4.)

Plaintiff's counsel represents that on June 4, 2026—about two weeks after payment was due—they notified Defendants' counsel of payment that was past due. (ECF No. 22 at 2.) Plaintiff filed the present Motion to Enforce Judgment on June 22, 2026. (*Id.*) Defendants filed their response on June 26, 2026. (ECF No. 26.) While "acknowledg[ing] that payment has not yet been made[,]" (*id.* at 1), Defendants represented that the delay was temporary and due to difficulties obtaining financing. (*Id.*) Defendants further represented that they had "secured a

financing source and reasonably expect the loan proceeds to be available within approximately thirty (30) days." (*Id.*) Finally, Defendants stated that they "remain fully committed to honoring the Settlement Agreement and have never expressed any intention of repudiating it." (*Id.*)

Accordingly, the Court instructed the parties to file a status report by August 10, 2026, apprising the Court as to whether financing had been obtained. On that date, Defendants advised that "[u]nfortunately, the financing source that Defendants expected to obtain to satisfy the settlement payment did not materialize." (ECF No. 27.)

The Court held oral argument on Plaintiff's Motion to Enforce Judgment on August 24, 2026. Plaintiff agreed to hold the Motion in abeyance for another thirty days. (*See* Electronic Minute Order for a Motion Hearing/Oral Argument held on August 24, 2026.) On September 24, 2026, the parties filed a joint status report advising that they had "engaged in further discussions regarding potential resolution but did not come to an agreement. As such, Plaintiff seeks to enforce the judgment." (ECF No. 29.)

For the following reasons, Plaintiff's Motion to Enforce Judgment (ECF No. 22) is **GRANTED**.

## DISCUSSION

### I. Jurisdiction

Jurisdiction exists to enforce the settlement agreement. "A settlement is a contract that, 'once entered into, . . . is binding and conclusive.'" *Romero v. New Blue Flowers Gourmet Corp.*, No. 16-CV-08753 (DF), 2021 WL 860986 (S.D.N.Y. Mar. 8, 2021) (quoting *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007)). "Actions [seeking] to enforce settlement agreements are in essence, breach of contract actions governed by state law . . . ." *Gomez v. Terri Vegetarian LLC*, No. 17-CV-213 (JLC), 2021 WL 2349509, at *3 (S.D.N.Y. June 9, 2021)

(citing *Ream v. Berry-Hill Galleries, Inc.*, No. 16-CV-7462 (SLC), 2020 WL 5836437, at *2 (S.D.N.Y. Oct. 1, 2020)). "[A] district court has authority to enforce a settlement agreement reached in a case before it, including by entry of judgment, only to the extent that the court has retained ancillary jurisdiction over the settlement." *Hernandez v. Auto Perfection Assocs., Inc.*, No. 25-CV-00767 (JLR), 2026 WL 1256837, at *2 (S.D.N.Y. May 7, 2026) (citing *Sapon v. Hanbat Rest., Inc.*, No. 18-CV-11457 (SLC), 2021 WL 621170, at *1 (S.D.N.Y. Feb. 16, 2021); *Kokkonen*, 511 U.S. at 381-82; *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015)). "[T]o retain ancillary jurisdiction over enforcement of a settlement agreement, *Kokkonen* prescribes that a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Gomez*, 2021 WL 2349509 at *3 (citing *Hendrickson*, 791 F.3d at 358).

Here, the Court expressly retained jurisdiction to enforce the settlement agreement by providing as such in the Approval Order. (*See* ECF No. 21 at 6 ("[T]he Court will retain jurisdiction to enforce the Settlement Agreement.").) Thus, the relevant inquiry is whether Plaintiff is entitled to enforcement of the Settlement Agreement.

## II. Motion to Enforce the Settlement Agreement

The Settlement Agreement, derived from the causes of action brought against Defendants, is entitled to enforcement. While the Settlement Agreement does not specify what law governs its interpretation, it does state that "[a]ny controversy or claim relating to this Agreement . . . shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury[.]" (ECF No. 19-1 at ¶ 8.). Moreover, Plaintiff and Defendants are domiciled and do business in New York, and the events giving rise to this action transpired in New York. (*See generally* ECF No. 1.) "The federal common law choice-of-law rule is to apply

the law of the jurisdiction having the greatest interest in the litigation." *Lola v. Skadden, Arps, Slate, Meagher & Flom LLP*, 620 F. App'x 37, 42 (2d Cir. 2015) (quoting *In re Koreag, Controle et Revision S.A.,* 961 F.2d 341, 350 (2d Cir. 1992)). Accordingly, the Court interprets the Settlement Agreement pursuant to New York law. *See Romero*, 2021 WL 860986, at *3 n.4 (concluding that New York state law governed interpretation of settlement agreement lacking choice-of-law provision, because "the parties are all either domiciled or doing business in the State of New York and the underlying events of the suit occurred in New York").

In New York, to plead a cause of action for breach of contract, the plaintiff must allege that (1) a valid contract exists, (2) plaintiff's performance conformed to the contract terms, (3) defendant breached their contractual obligations, and (4) defendant's breach resulted in damages. *34-06 73, LLC v. Seneca Ins. Co.*, 198 N.E.3d 1282, 1287 (N.Y. 2022); *see also Ubri v. Majestic Assocs., LLC*, No. 23-CV-7954 (VSB), 2026 WL 962254 at *2 (S.D.N.Y. Apr. 9, 2026) (holding that the analysis for a breach of contract claim, under New York law, applies to motions to enforce settlement agreements).

First, there is no dispute that the parties executed a valid Settlement Agreement, as it was approved by the Court. (*See* ECF No. 21). Second, Plaintiff provided adequate performance because he released the Defendants of all claims arising under this cause of action in consideration for payment of $25,000.00, as stated in the Settlement Agreement. (*See* ECF No. 19-1 at ¶¶ 2, 6); *see also Romero*, 2021 WL 860986, at *3 ("Plaintiff performed his part by voluntarily agreeing to the dismissal of his claims . . . ."); *Tendilla v. 1465 Espresso Bar LLC*, No. 18-CV-05991 (AJN), 2021 WL 2209873, at *2 (S.D.N.Y. June 1, 2021) ("By stipulating to the dismissal with prejudice of his claims, Plaintiff satisfied his end of the bargain.").

Third, Defendants breached the Settlement Agreement because they failed to provide

payment to Plaintiff and his counsel by May 22, 2026. (*See* ECF No. 26 (admitting no payment has been made)); *see also Queens Ballpark Co., LLC v. Vysk Commc'ns*, 226 F. Supp 3d 254, 258 (S.D.N.Y. 2016) ("Defendants' undisputed failure to make the payment required under the Settlement Agreement also constitutes a material breach of the Settlement Agreement."). Lastly, Plaintiff has been damaged by Defendants' failure to make the payments stipulated in the Court-approved Settlement Agreement. *See Donna Italia USA, Inc. v. Smart Soda, Inc.*, No. 24-CV-06779 (MMG), 2026 WL 890607, at *4 (S.D.N.Y. Mar. 31, 2026) ("[I]n the event of a breach, damages are clear on the face of the Agreement itself, and are undisputed[.]").

None of the above facts are in dispute. As such, "the Court finds that Defendants are in breach of the Settlement Agreement, that Plaintiff has been damaged thereby, and that Plaintiff is entitled to judgment in the full amount owed pursuant to the agreement's terms." *Romero*, 2021 WL 860986, at *4; *see also Hernandez*, 2026 WL 1256837, at *3 (holding that a plaintiff who executes their performance pursuant to the parties' settlement agreement is entitled to enforcement when the defendant's breach causes damages to the plaintiff); *Ubri*, 2026 WL 962254, at *4 (finding the plaintiff was damaged in the amount stipulated in the settlement agreement, as a result of the defendant's breach).

## III. <u>Interest and Costs</u>

In addition to the $25,000 owed under the Settlement Agreement, Plaintiff also seeks:

> "[1] post judgment interest to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961;
> [2] plus a fifteen percent (15%) penalty increase if judgment is not paid within ninety (90) days, as provided for in NYLL § 198(4); and
> [3] attorneys' fees and costs for entering and enforcing the judgment.

(ECF No. 22-2 at 3.) The Court considers these three requests in turn.

Regarding post-judgment interest, the statute provides that "[i]nterest shall be allowed on

any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "'The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered.'" *Mejia v. Jose I. Landscaping Inc.*, No. 23-CV-05936 (JMW), 2026 WL 1004638, at *7 (E.D.N.Y. Apr. 14, 2026) (quoting *Duffy v. Oyster Bay Indus., Inc.*, No. 10-CV-3205 (ADS) (ETB), 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011)). "Such interest shall be calculated from the date of the entry of the judgment[.]" 28 U.S.C. § 1961(a). The interest rate is calculated as "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.*; *see also Vijay v. Visnay*, No. 25-CV-5072 (BMC), 2026 WL 2641741, at *4 (E.D.N.Y. Sept. 8, 2026) (observing that "the rate varies over time based on U.S. Treasury bonds"). Interest is "computed daily to the date of payment" and "compounded annually." 28 U.S.C. § 1961(b).

The court in *Ubri* applied this in the context of enforcing a settlement agreement. 2026 WL 962254, at *5. Specifically, the defendant defaulted on the settlement agreement in July 2025, and in April 2026 the court entered an order directing the Clerk of Court to "enter judgment against Defendants and in favor of Plaintiff for $60,000, plus post-judgment interest at the statutory rate, calculated from the date on which the Clerk of Court enters final judgment until the date of payment." *Id.*; *see also id.* n.2 ("Plaintiff does not seek post-judgment interest, but the very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered." (quoting *Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, 741 F. Supp. 3d 1, 16 (E.D.N.Y. 2024)). Accordingly, Plaintiff is entitled to post-judgment interest accruing from the date the Clerk of Court enters judgment, at the rate set forth in 28 U.S.C. § 1961(a).

Plaintiff's request for a "penalty increase" under NYLL § 198(4), however, is denied. Section 198(4) provides that if a judgment "under this section" is unpaid for 90 days, then the judgment automatically increases by fifteen percent. NYLL § 198(4). But the judgment Plaintiff seeks does not arise "under" the NYLL. Although the original claim was for violations of the NYLL, "this proceeding does not arise from the FLSA nor the NYLL, but from the enforcement of a settlement agreement." *Gomez v. Terri Vegetarian LLC*, No. 17-CV-213 (JLC), 2021 WL 2349509, at *5 (S.D.N.Y. June 9, 2021). It is established law that "a motion to enforce a settlement agreement is fundamentally 'a claim for breach of a contract[.]'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). As such, Section 198(4) is inapplicable. *Romero*, 2021 WL 860986, at *4 (collecting cases and denying Section 198(4) penalty where enforcing settlement agreement); *see also Gomez*, 2021 WL 2349509, at *4 n.5 (same).

Finally, Plaintiff's request for attorneys' fees in connection with bringing this motion is granted. The Settlement Agreement provides that if Defendants default and judgment is entered in Plaintiff's favor, then "Plaintiff shall be entitled to recover statutory costs and reasonable attorneys' fees incurred in the process of entering and enforcing the judgment." (ECF No. 19-1 at 4(b).) Because the Agreement provides for fees, Plaintiff is entitled to fees once Plaintiff submits billing records for the Court's review. *Ubri*, 2026 WL 962254, at *5.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Enforce Judgment (ECF No. 22) is **GRANTED**. To the extent Plaintiff seeks attorneys' fees in connection with the filing of this motion, Plaintiff's counsel shall submit, on or before **October 29, 2026**, supplemental briefing documenting their reasonable rates and hours.

Dated: Central Islip, New York
October 21, 2026

**S O O R D E R E D:**

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge