FILED
CLERK
11/18/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
MELVIN ANTONIO ROSA LOPEZ, individually and on behalf of all others similarly situated,

*Plaintiff*,

-against-

ISLANDWIDE SEAMLESS GUTTER & LEADER SYSTEMS, INC., and
JEFFREY SILVERMAN, as an individual,

*Defendants*.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

25-cv-06982 (JMW)

**A P P E A R A N C E S:**

James Patrick Peter O'Donnell
Katelyn Marie Schillaci
Roman M. Avshalumov
**Helen F. Dalton & Associates, P.C.**
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
*Attorneys for Plaintiff*

Jamie Scott Felsen
Matthew A Brown
**Milman Labuda Law Group PLLC**
3000 Marcus Avenue, Suite 3w8
Lake Success, NY 11042
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

On October 21, 2026, the Court issued a Memorandum and Order (the “October Order”), granting Plaintiff’s Motion to Enforce the Judgment. (ECF No. 30.) The October Order instructed Plaintiff to submit a supplemental briefing of contemporaneous time records reflecting

the proof necessary for the Court to determine a "reasonable" fee. (*Id.* at 8.) Now before the Court, in accordance with the October Order, is Plaintiff's Motion for Attorneys' Fees. (ECF No. 31.) Defendants did not file opposition.

For the reasons that follow, Plaintiff's Motion for Attorneys' Fees (ECF No. 31), in the amount of **$2,642.50**, is **GRANTED**.

## DISCUSSION

Having already determined that attorneys' fees incurred in enforcing a settlement agreement where the settlement agreement expressly provides for such an award are recoverable (*see* ECF No. 30 at 8), the Court must determine the reasonableness of the fees requested. *See Tolomei v. Hess Restorations, Inc.*, No. 23-CV-52 (JPO), 2025 WL 1616904, at *3 (S.D.N.Y. June 6, 2025) ("Defendants also seek attorney's fees and costs incurred by enforcing the settlement. … On such matters, the Court 'must adhere to the terms of the Settlement Agreement.' … Pursuant to such terms, the Court awards Defendant's attorney's fees and costs incurred by the instant motion to enforce the settlement.").

"We now turn to the heart of plaintiff's application for fees, which we assess via the long-recognized criteria under the rubric of the lodestar analysis." *Gonzalez v. Scalinatella, Inc.*, 112 F.Supp. 3d 5, 20–21 (S.D.N.Y. 2015). "The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 6065768, at *2 (E.D.N.Y. Dec. 22, 2021) (referencing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184, 186 n.3, 190 (2d Cir. 2008)). Once a reasonable hourly rate is determined, the

Court must then "multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." *Id.* (referencing *Arbor Hill*, 522 F.3d at 190). When analyzing an application for attorneys' fees, "excessive, redundant or otherwise unnecessary hours" will be excluded. *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-35, 440 (1983)).

Additionally, the party seeking fees must provide contemporaneous time records, which reflect time spent by each attorney and the tasks completed. *See Roma v. Carmili*, No. 23-CV-4072 (KAM), 2026 WL 375823, at *2 (E.D.N.Y. Feb. 10, 2026) (discussing reasonableness and contemporaneous time records). Here, counsel for Plaintiff has submitted contemporaneous billing records in support of the fee application reflecting the hours expended in connection with enforcing the judgment. (ECF No. 31-1.)

## I. Reasonable Hourly Rate

Courts in the Eastern District of New York have recognized that reasonable hourly rates for experienced attorneys may range from approximately $450 to $650, with the highest rates generally reserved for highly experienced trial attorneys recognized as leaders in their fields. *See Rubin v. HSBC Bank USA*, NA, 763 F. Supp. 3d 233, 243–44 (E.D.N.Y. 2025) ("Adjusted for inflation and market conditions, I have rounded out the forum rates in the Eastern District to now be $450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals."). Courts also consider an attorney's experience in the field and other factors when assessing the reasonableness of a requested hourly rate. *See Roma*, 2026 WL 375823, at *2 (discussing comparable skills and experience in fee applications). Plaintiff requests attorneys' fees in the amount of $2,642.50, which is for work performed by three attorneys and one paralegal from the firm of Helen F. Dalton & Associates, P.C. Each is analyzed separately.

First, Roman Avshalumov ("Avshalumov") is an attorney with over fifteen years of experience in representing parties in labor law cases. (ECF No. 31-1 at 2.) "Avshalumov has tried numerous labor/employment cases and has settled over a hundred more." (*Id.*) Avshalumov's hourly rate is $500.00. (*Id.*) Second, James O'Donnell ("O'Donnell") is an attorney with ten years of experience and "is the head of the labor law practice group and managing attorney at Helen F. Dalton & Associates, P.C. and oversees all labor and employment matters and litigation at the firm." (*Id.*) Likewise, O'Donnell has worked on "hundreds" of similar matters within the Second Circuit. (*Id.*) O'Donnell's hourly rate is $400.00. (*Id.*) The Court finds the rates of Avshalumov and O'Donnell reasonable given their level of experience in this very field. Indeed, Courts in this District have approved these requested hourly rates. *See Naraine v. Washdry Tech Inc.*, 749 F. Supp. 3d 398, 410 (E.D.N.Y. 2024) (granting a seasoned attorney fees of $500 per hour); *Polyakov v. Pen Enters., Inc.*, 786 F. Supp. 3d 557, 566 (E.D.N.Y. 2025) (same).

Third, Elisabeth Cimi ("Cimi") is a first-year associate who also specializes in wage-and-hour matters, and her hourly rate is $175.00. (*Id.*) Lastly, the firm of Helen F. Dalton & Associates, P.C., charges $100.00 per hour for paralegal services. (*Id.*) These rates are routinely awarded—including for this very firm, Helen F. Dalton & Associates, P.C. *See, e.g.*, *Paola Marina Roto Dutan v. Odd Construction Inc.*, No. 25-CV-05831 (HG), 2026 WL 1623316, at *3 (E.D.N.Y. June 5, 2026) (approving $500 per hour for Avshalumov, $400 per hour for O'Donnell, $250 per hour for a junior associate, and $100 per hour for a paralegal); *Guevara Nolasco v. Sunrise Metal Inc.*, No. 24-CV-08057 (JMW), 2025 WL 3033763, at *2 (E.D.N.Y. Oct. 30, 2025) (similar).

Accordingly, the hourly rates requested are fair and reasonable.

## II. **<u>Reasonable Hours Billed</u>**

After determining the appropriate hourly billing rate, the Court must then calculate the hours reasonably expended. *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *13 (E.D.N.Y. May 14, 2012). In making this determination, "[t]he relevant issue ... is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Ballard v. James Dzurenda, Sheriff, et al.*, No. 20-CV-05241 (MKB) (JMW), 2026 WL 673249, at *3 (E.D.N.Y. Mar. 10, 2026) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). As such, courts consider attorneys' hours "in light of the extent and nature of the legal tasks they performed." *CIT Bank, N.A. v. Ayers*, No. 15-CV-7256 (JFB) (SIL), 2017 WL 6816486, at *4 (E.D.N.Y. Dec. 5, 2017). Courts also look to what is billed and whether the work performed is in connection with the instant motion for attorneys' fees. *See Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1770553, at *3-4 (E.D.N.Y. June 26, 2025) ("discretion lies with the Court to reduce fees, where entries are broad, or an attorney uses block billing methods … [and] "the work performed []appears reasonably related to the instant motion for attorneys' fees").

Here, the billing records submitted reflect tasks including correspondence with defense counsel regarding the default in payments, updating the client, drafting the appropriate motions in connection with enforcement of the judgment preparing, attending the motion hearing, and drafting the letter in connection with the present motion. (ECF No. 31-1.) The total hours spent equal 8.2 hours. Upon review, the Court finds that the hours expended were quite reasonable, not redundant or excessive, and should be awarded in full. *See, e.g.*, *Torres v. K & T Provisions,*

*Inc.*, No. 20-CV-5642 (WFK)(MMH), 2026 WL 865713, at *5 (E.D.N.Y. Mar. 30, 2026) (finding 8.1 hours spent on a motion to enforce judgment reasonable).

Multiplying counsel's rate by the number of hours expended yields a reasonable fee of $2,642.50, as follows:

| **Attorney:** | **Hourly Rate:** | **Hours Billed:** | **Hours Awarded:** | **Total Fee Requested:** | **Final Fee Award:** |
|---|---|---|---|---|---|
| Avshalumov | $500.00 | 2.1 | 2.1 | $1,050.00 | $1,050.00 |
| O'Donnell | $400.00 | 2.6 | 2.6 | $1,040.00 | $1,040.00 |
| Cimi | $175.00 | 2.7 | 2.7 | $472.50 | $472.50 |
| Paralegal Services | $100.00 | .8 | .8 | $80.00 | $80.00 |
| **Total:** | ________ | 8.2 | 8.2 | $2,642.50 | $2,642.50 |

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorneys' Fees (ECF No. 31) in the amount of $2,642.50 is **GRANTED**.

Dated: Central Islip, New York
November 16, 2026

**S O O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge